**UNITED STATES of America, Plaintiff–Appellant,**

v.

**William L. WILSON and Brenda Laws, Defendants–Appellees.**

No. 01–5394.

United States Court of Appeals, Sixth Circuit.

July 19, 2002.

Before DAUGHTREY and CLAY, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM.

In this interlocutory matter, the government appeals from the decision of the district court suppressing certain evidence seized by police without a warrant from outbuildings located near a residence owned by defendant William Wilson and occupied by his girlfriend, defendant Brenda Laws. The government argues that, contrary to the district court's ruling, seizure of the items was justified by (1) consent given by Laws and (2) the presence of exigent circumstances. The government also raises for the first time on appeal an argument that implicates both the "inde-

---

* The Hon. Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

pendent source" and "inevitable discovery" doctrines.

Having studied the briefs and the record on appeal, we agree with the district court's ruling that the officers' search of the house itself was valid, based on the scope of the verbal consent given by Brenda Laws, who was resident there at the time. We also agree with the district court's determination that once Laws was removed from the premises, the officers should have obtained a warrant to search the remaining outbuildings, first, because the scope of Laws's consent did not extend to those buildings and, second, because there were no exigent circumstances. The immediate danger to Brenda Laws was obviously dissipated once she was removed from the premises, and the record fails to make out a case of "hot pursuit." In addition, we agree with the district court's determination that *United States v. Rohrig*, 98 F.3d 1506 (6th Cir.1996), is inapplicable to these facts. To permit the search in this case, carried on as part of a routine police investigation on private property, on the basis of *Rohrig*'s "community caretaker" analysis would obviate the need for obtaining a warrant in virtually all such searches.

Finally, we reject the government's contention that the evidence seized from the outbuildings should not be suppressed because "the officers could have relied exclusively upon the marijuana and growing equipment they found in the basement of the residence to obtain a warrant to search for marijuana throughout the entire premises, including the curtilage." We assume from this argument that the government is attempting obliquely to invoke the "inevitable discovery" doctrine or "independent source" doctrine. However, it does not appear that this argument was presented to the district court, and we thus decline to review it on the merits. We think it is abundantly clear that the officers had probable cause to secure a warrant from a neutral and detached magistrate. The protections afforded every citizen by the Fourth Amendment required that they do so before extending their search beyond the scope of the consent originally secured from defendant Laws.

Having concluded that the district court correctly granted the defendants' motion to suppress the evidence in question, and having determined that the court did so based on a correct analysis of the law and the facts in this case, we conclude that the issuance of a second detailed opinion would be duplicative and would serve no jurisprudential purpose. We therefore AFFIRM the order entered below for the reasons stated in the district court's opinion dated and filed March 20, 2001.